IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARTLEY MULLEN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 23-518 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| DSW DEVELOPMENT CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Defendant's Motion to Dismiss Plaintiff's First Amended Complaint for lack of standing (Doc. 16) will be granted. Plaintiff is a wheelchair user, and Defendant is a hotel operator. Specifically, Defendant owns, manages, and/or operates the Drury Plaza Hotel (the "Drury") located at 745 Grant Street, Pittsburgh, PA 15219. (Am. Compl. (Doc. 15) ¶ 5). Plaintiff alleges that the Drury failed to provide guest rooms with accessible sleeping surfaces (here, an accessible bed height), in violation of Title III of the ADA. See 42 U.S.C. § 12182(a) (prohibiting discrimination against the disabled in the full and equal enjoyment of any place of public accommodation).

Although Plaintiff, who resides in Beaver County, Pennsylvania, has never visited Defendant's hotel, he asserts that he "would like to stay at the Subject Property in the future with the ability to safely and independently use the hotel's sleeping beds." (Am. Compl. ¶¶ 29, 52). He reports that he desires to patronize Defendant's hotel, specifically, when he visits downtown Pittsburgh because he desires to stay in a hotel with convenient access to the federal courthouse and his counsel's office; and he desires to stay in a hotel while using the shopping and entertainment facilities in the area. Id. ¶ 42. Plaintiff avers that "[h]e has used downtown hotels

for these purposes previously and intends to use downtown hotels for these purposes again." Id. Plaintiff asserts that he contacted front desk personnel at the hotel in March 2023 to inquire about bed height, and that they told him the top surface of the beds in accessible rooms is 28 inches from the floor, which is approximately ten inches higher than the seat height of his wheelchair. Id. ¶¶ 45-46.

Defendant has moved to dismiss the Amended Complaint for lack of standing, asserting, *inter alia*, that Plaintiff has not alleged facts showing he intended to visit the Drury. Rather, Plaintiff alleges merely that he would like the option of someday staying at the hotel in the future. Motions with materially identical legal issues recently have been litigated in this district in the cases of Mullen v. DSW Inns, LLC, No. CV 23-520, 2024 WL 1095718 (W.D. Pa. Mar. 13, 2024) (Hardy, J.) and Mullen v. Ashirward Hosp., LLC, No. 2:23-CV-01277, 2024 WL 936322 (W.D. Pa. Mar. 5, 2024) (Hornak, J). In well-reasoned decisions, those motions to dismiss were granted for lack of standing, and the cases were dismissed without prejudice. As in both of these cases, which involved the same Plaintiff and one of which involved another local Drury hotel, Mr. Mullen has failed to demonstrate standing here.[1]

The party invoking federal jurisdiction—here, Mr. Mullen—must establish the elements of standing. See Mullen v. DSW Inns, LLC, 2024 WL 1095718, at *2 (citing Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992)); Mullen v. Ashirward Hosp., LLC, 2024 WL 936322, at *2. The elements of Article III standing are (1) "an injury in fact that is concrete, particularized, and actual or imminent;" (2) that is fairly traceable to the challenged conduct of the defendant; and

---

[1] Because the Court resolves this matter on standing, it does not reach Defendant's alternative argument that Plaintiff "fail[ed] to allege that he notified [Defendant] of his disability and need for accommodations" and that this renders his claim "implausible" because plaintiffs "must place defendants on notice to establish a Title III failure to accommodate claim." (Doc. 17 at 14–17).

(3) is likely, as opposed to speculatively, redressable by the sought judicial relief.  Mullen v. DSW Inns, LLC, 2024 WL 1095718, at *2 (quoting Clemens v. ExecuPharm Inc., 48 F.4th 146, 152 (3d Cir. 2022); Thole v. U.S. Bank N.A., 140 S. Ct. 1615, 1618 (U.S. 2020)); *see also* Mahoney v. Waldameer Park, Inc., No. CV 20-3960, 2021 WL 1193240, at *2 (E.D. Pa. Mar. 30, 2021).  Standing ensures that a plaintiff has "alleged such a personal stake in the outcome of [a] controversy as to warrant *his* invocation of federal-court jurisdiction." Summers v. Earth Island Inst., 555 U.S. 488, 493 (2009) (internal quotation marks omitted) (quoting Warth v. Seldin, 422 U.S. 490, 498 (1975)).

In cases such as this, seeking injunctive relief, "standing will not lie if adjudication ... rests upon contingent future events that may not occur as anticipated or indeed may not occur at all." Pryor v. Nat'l Collegiate Athletic Ass'n., 288 F.3d 548, 561 (3d Cir. 2002) (internal citations omitted).  Accordingly, in Title III ADA cases, a plaintiff has no standing to seek an injunction "unless he alleges facts giving rise to an inference that he will suffer future discrimination by the defendant."  Mullen v. DSW Inns, LLC, 2024 WL 1095718, at *3.  Courts have applied two alternative tests to evaluate Title III ADA standing – the "intent to return" test and the "deterrent effects" test.  See id. at *4 (setting forth the elements of each test); Mullen v. Ashirward Hosp., LLC, 2024 WL 936322, at *2.  The "intent to return" test looks to three-to-four factors[2] to evaluate "the likelihood of the plaintiff returning to the place of the alleged ADA

---

[2] The four factors include: (1) the plaintiff's proximity to the defendant's place of public accommodation; (2) the plaintiff's past patronage; (3) the definitiveness of the plaintiff's plan to return; and (4) the plaintiff's frequency of nearby travel.  *See* Mullen v. DSW Inns, LLC, 2024 WL 1095718, at *4 (quoting Anderson v. Macy's, Inc., 943 F. Supp. 2d 531, 539 (W.D. Pa. 2013)). A plaintiff need not satisfy all four factors to show a concrete and particularized threat of injury. *See* id. (citing Mortland v. Omni Pittsburgh Corp., No. CV 18-1067, 2021 WL 101560, at *2 (W.D. Pa. Jan. 12, 2021)).  *But see* Heinzl v. Cracker Barrell Old Country Store, Inc., Civil Action No. 2:14-cv-1455, 2015 WL 1925811, at *8 (W.D. Pa. Apr. 24, 2015) (noting that Court of Appeals for the Third Circuit has not adopted this four-factor test, although it has been cited

violation, and therefore whether the threat of [future] injury is concrete and particularized," whereas the "deterrent effect" test asks whether the Plaintiff "is deterred from visiting a non-compliant public accommodation because he has encountered barriers to his disability there." Mullen v. DSW Inns, LLC, 2024 WL 1095718, at *3. Both tests, however, require that the plaintiff show an intent to return to the place of the alleged discrimination. An indefinite or abstract plan to return "some day" is insufficient. See id.

     Here, as in Mullen v. DSW Inns, LLC and Mullen v. Ashirward Hosp., LLC, Plaintiff has failed to demonstrate standing pursuant to either the multi-factor intent-to-return or deterrent-effect test. As to the intent-to return test, even assuming the first factor (proximity to the Drury) is met, Plaintiff has not alleged ever patronizing the Drury; has not factually alleged any definite plans to stay at the Drury; and has not indicated how frequently he travels to downtown Pittsburgh to meet with his attorney or is in that area for entertainment and/or shopping. Taken together, these factors show that Mullen fails to allege an injury in fact pursuant to the intent-to-return test. See Mullen v. DSW Inns, LLC, 2024 WL 1095718, at *6; Mullen v. Ashirward Hosp., LLC, 2024 WL 936322, at *3. Similarly, applying the deterrent-effect test, Plaintiff's only allegation that he intends to stay at the Drury is vague and conclusory. Plaintiff alleges that he "would like to stay at the [Drury] in the future" and that "the lack of accessible sleeping beds in purportedly accessible rooms deterred [him] from staying [there]." (Docket No. 15, ¶¶ 52, 53). That contention is a mere "some day" allegation and does not show a reasonable likelihood

---

by many of the district courts). A second formulation of the intent-to-return test is slightly different (using only three factors), but still requires inquiry into whether a plaintiff intends to return to a place of public accommodation, taking into consideration proximity and past patronage. See Mullen v. DSW Inns, LLC, 2024 WL 1095718, at *4 (citing Mahoney, 2021 WL 1193240, at *4).

Plaintiff would use the Drury but for the purported barrier of inaccessible bed height. *See* Mahoney, 2021 WL 1193240, at *5 (explaining that "[a] vague, brief, unsupported assertion of intent to visit a public accommodation once access barriers are removed is ... akin to a 'some day' plan"); Mullen v. DSW Inns, LLC, 2024 WL 1095718, at *6; Mullen v. Ashirward Hosp., LLC, 2024 WL 936322, at *5 ("To put it . . . simply, a "some day" plan, by itself, does not cut it.").

Finally, Plaintiff does not succeed in establishing standing by claiming he is a "tester." (Am. Compl. ¶ 43). In addressing this theory, the Court agrees with its colleagues that:

> [W]here, as here, a plaintiff brings a claim alleging that a public accommodation is noncompliant with the ADA, that plaintiff, to sufficiently assert an injury in fact under a tester theory, given that an injury be "concrete," "imminent," "actual," and "particularized," must have either already personally visited that public accommodation or allege a specific and definite plan to imminently visit that public accommodation. Vague generalizations about an intent to one day visit the region in which the defendant accommodation is located are not enough.

Mullen v. Ashirward Hosp., LLC, 2024 WL 936322, at *10; *see also* Mullen v. DSW Inns, LLC, 2024 WL 1095718, at *6 n.6 ("While it does not matter whether Mullen's purported intent to patronize the Inn arose from his individual desire to do so or merely the desire to be a 'tester' for others, it is significant that Mullen only vaguely alleged an intent to visit the Inn and therefore cannot show an injury in fact for injunctive relief that would confer standing."); Acheson Hotels v. Laufer, 601 U.S. 1, 13 (2023) (Thomas, J., concurring) (cautioning against allowing testers to exercise 'the sort of proactive enforcement discretion properly reserved to the Executive Branch,' with none of the corresponding accountability.").[3]

---

[3] Acheson Hotels sought to resolve a circuit split on the issue of ADA tester standing. The "tester," however, voluntarily withdrew her action after the Supreme Court had granted certiorari. Thus, the Supreme Court dismissed the case on mootness grounds. Acheson Hotels, 601 U.S. at 5. Justice Thomas filed a concurring opinion in which he disagreed with the

Because Plaintiff has failed to demonstrate Article III standing, the Court is without jurisdiction to address his substantive claims. See Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006). Accordingly, Defendant's Motion to Dismiss for lack of standing (Doc. 16) is **GRANTED**, and Plaintiff's Amended Complaint is **DISMISSED WITHOUT PREJUDICE**. Should Plaintiff choose to amend his complaint, he may do so by **April 18, 2024**. Given that Plaintiff already has amended his Complaint once, he must make last, best efforts in these regards, because further opportunity for amendment will not be afforded.

IT IS SO ORDERED.

March 29, 2024                                    s/Cathy Bissoon
                                                  Cathy Bissoon
                                                  United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

mootness finding and stated that he would have found that the plaintiff lacked standing. See id. at 10 (Thomas, J., concurring).