IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARTLEY MULLEN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:23-518 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| DSW DEVELOPMENT CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Plaintiff is a wheelchair user, and Defendant is a hotel operator. Specifically, Defendant owns, manages, and/or operates the Drury Plaza Hotel (the "Drury") located at 745 Grant Street, Pittsburgh, PA 15219. (2d Am. Compl. (Doc. 26) ¶ 7). Plaintiff alleges that the Drury failed to provide guest rooms with accessible sleeping surfaces (here, an accessible bed height), in violation of Title III of the ADA. *See* 42 U.S.C. § 12182(a) (prohibiting discrimination against the disabled in the full and equal enjoyment of any place of public accommodation). On Defendant's motion (Doc. 16), the Court dismissed without prejudice Plaintiff's First Amended Complaint for lack of standing (Doc. 25). Now, Plaintiff has filed a Second Amended Complaint (Doc. 26) that Defendant has moved to dismiss for failure to state a claim. (Doc. 29). For the reasons set forth below, Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint will be denied.

In its Opinion granting Defendant's first Motion to Dismiss, the Court agreed with Defendant that the First Amended Complaint failed to allege facts sufficient to establish standing under the "intent to return" test, the "deterrent effect" test or a "tester" theory. Among other failings, the Court explained that the First Amended Complaint lacked allegations that Plaintiff

ever patronized the Drury or had any definite plans to stay at the Drury; and did not indicate how frequently he travels to downtown Pittsburgh to meet with his attorney or is in that area for entertainment and/or shopping. Doc. 25 at 4-5. The Court further explained that the Complaint's allegations that Plaintiff "would like to stay at the [Drury] in the future" and that "the lack of accessible sleeping beds in purportedly accessible rooms deterred [him] from staying [there]" were mere "some day" allegations and did not show a reasonable likelihood Plaintiff would use the Drury but for the purported barrier of inaccessible bed height. Id.

Plaintiff's Second Amended Complaint, however, cures these deficiencies. For example, the pleading now alleges that "Plaintiff reserved an 'accessible' room at Defendant's hotel during the late spring of 2024 and stayed at the hotel as an overnight guest. During this visit, he measured the height of the bed in his room and confirmed that the distance from the floor to the mattress surface is 28.5 inches. Plaintiff was thus unable to safely and independently transfer to the bed from his wheelchair." 2d Am. Compl. ¶ 21. The Complaint then details Plaintiff's additional plans to visit the hotel, stating that he would be attending two specific Pittsburgh Pirates baseball games, after which he would "visit Defendant's hotel as a tester, and potentially as a guest." Id. ¶ 22. The pleading further explains that "Plaintiff will continue to regularly visit the Hotel as a tester unless and until the Hotel modifies the beds in its accessible rooms so that they comply with the requirements of the ADA." Id. ¶ 23.

Perhaps recognizing these improvements, Defendant effectively has abandoned its standing argument in the instant Motion to Dismiss[1] and now argues primarily that the Second

---

[1] Although neither the Motion to Dismiss nor the supporting memorandum references standing, Defendant briefly re-argues the issue in its response to a Notice of Supplemental Authority that Plaintiff filed well after the briefing deadlines. See Docs. 35, 36. Specifically, on September 30, 2024, Plaintiff filed a Notice of Supplemental Authority (Doc. 35), alerting the Court to Judge Hornak's most recent decision in a similar case Plaintiff has pending in this district, Mullen v.

Amended Complaint fails to state a claim upon which relief may be granted because it does not allege that Plaintiff notified the hotel of his disability or need for an accommodation. *See* Def. Br. Supp. (Doc. 30) at 1.[2]  As Plaintiff emphasizes in his response, however, the Second Amended Complaint suffers no such infirmity.  Rather, the Second Amended Complaint plainly states that:

> Plaintiff previously communicated with front desk personnel at the Hotel and inquired about the height of the top surfaces of the beds in its purportedly accessible rooms.  He was told that the top surface of the beds in the accessible rooms was 28 inches above the floor.  **During this call, Plaintiff explained why he needed to know the height of the beds in the Hotel's accessible rooms**.

2d Am. Compl. ¶ 8 (emphasis added).  The ensuing paragraphs of the pleading elaborate on those reasons.  *See* id. ¶¶ 9-13 (noting, *inter alia*, that transferring unassisted to horizontal surfaces that are significantly higher than his 18-inch wheelchair seat is difficult and dangerous because it requires him to hoist his body weight to the higher surface using primarily his upper body strength).  Based on the above allegations, and because the Second Amended Complaint provides sufficient facts to raise a reasonable expectation that discovery will reveal evidence of the

---

Ashirward Hosp., LLC, No. 2:23-CV-01277, 2024 WL 4343143 (W.D. Pa .Sept. 30, 2024).  There, Judge Hornak denied a motion to dismiss Plaintiff's Second Amended Complaint against a different hospitality group and permitted the case to proceed to discovery.  Judge Hornak previously had dismissed the First Amended Complaint without prejudice for lack of standing, and the undersigned cited that prior opinion with approval in dismissing Plaintiff's First Amended Complaint in this case for the same reasons. *See* Doc. 25 at 2-3.  On November 5, 2024, Defendant filed a Response to the Notice of Supplemental Authority, asserting that the two cases are dissimilar and arguing for the first time that the Second Amended Complaint fails to plead standing. *See* Doc. 36 at 2.  In support, Defendant notes that Judge Hornak distinguished the instant case from the one before him. *See* id. at 1.  Even if Defendant's arguments in this regard were timely, they are without merit.  As stated more fully herein, the Court agrees with Plaintiff that the Second Amended Complaint has resolved any deficiencies as to standing.  It is self-evident that Judge Hornak's comments pertain to this Court's prior opinion (Doc. 25) addressing the now-cured infirmities then-inherent in the First Amended Complaint. *See* Mullen, 2024 WL 4343143, at *7.

[2] Although Defendant argued lack of notice in its prior Motion to Dismiss, the Court did not reach the issue due to its dismissal on the threshold standing issue. *See* Doc. 25 at 2, n.1.

notice element of Plaintiff's Title III accommodation claim, there is no basis to dismiss the Second Amended Complaint on this ground at this juncture.

Accordingly, Defendant's Motion to Dismiss the Second Amended Complaint (Doc. 29) is **DENIED**. Consistent with Federal Rule 15(a)(3), Defendant's answer deadline is **January 2, 2025**. Once the pleadings close, the Court will schedule an initial case management conference.

IT IS SO ORDERED.

December 19, 2024                               s/Cathy Bissoon
                                                Cathy Bissoon
                                                United States District Judge

cc (via ECF email notification):

All Counsel of Record